WHOLESALE COOPERATIVE MEAT DEALERS ASSOCIATION, INC., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 51082.)

Fourth Department, May 30, 1974.

*Louis J. Lefkowitz, Attorney-General (Vernon Stuart* and *Ruth Kessler Toch* of counsel), for appellant.

*Morris B. Swartz (William L. Allen, Jr.,* of counsel), for respondent.

Simons, J. The Court of Claims improperly valued claimant's entire tract of land with a 100% increment by reason of its nonconforming use. The case should be remitted for further evidence and to recompute direct and consequential damages to land.

Claimant owned 7.360± acres of land upon which it operated a Kosher and non-Kosher slaughterhouse. The buildings were located on a 1.969± acre improved parcel. The remainder of the tract was unoccupied lowland covered with trees and brush. The property was used lawfully as a nonconforming slaughterhouse although located partially in a " land conservation " zone and partially in a " light industrial " zone. The State appropriated .256± acres of land of the improved site, which resulted in a partial destruction of the buildings, and approximately 1.5± acres of unimproved area.

Under the Village Zoning Law, the slaughterhouse could not be expanded by more than 50% of the $59,000 assessed value of the property. The Court of Claims found the highest and best use to be as a slaughterhouse and valued the land and awarded damages as if the entire 7.360± acres were unique because it was the site of this lawful nonconforming business. It valued the land at $.35 per square foot and then added a 100% increment to the before value of the land to compensate for the slaughterhouse use (cf. *St. Agnes Cemetery* v. *State of New York*, 3 N Y 2d 37, 41-42; *Matter of Port of N. Y. Auth.*, 2 N Y 2d 296, 301; *Matter of County of Nassau* [*Cohen*], 34 A D 2d 412). Thus, it valued the entire parcel at $.70 per square foot before the appropriation. Because the use was terminated by the appropriation, the court found an after value of $.35 per square foot for the tract. The court awarded direct damages for the land taken on the basis of $.70 per square foot and consequential damages to the entire remainder on the basis of $.35 per square foot even though the largest part of the land taken and the land remaining were not needed for the business and could not be used for the nonconforming use under the provisions of the zoning ordinance. This was error.

Where the unique use necessarily anticipates occupation of the claimant's entire land holdings, the owner is entitled to have the increment applied to all the land (*St. Agnes Cemetery* v. *State of New York, supra*, [a cemetery]; *Matter of Port of N. Y. Auth. supra*, [a parking lot]; *Matter of Nassau County* [*Cohen*], *supra*, [a junkyard]). This is particularly apparent when considering small parcels of land (cf. *Matter of Port of N. Y. Auth., supra*; *Roth Steel Corp.* v. *State of New York*,

28 A D 2d 1208, without opn. [.77 acres with .195 acres taken]). But here the use does not and may not occupy the entire tract and the adjustment in value for the nonconforming use should be limited to that portion of claimant's land which its business may reasonably require and lawfully develop in the foreseeable future, absent appropriation. The remainder must be valued, before and after, on the basis of the permitted use within the zone in which it is located.

The judgment should be reversed and the matter remitted for further evidence and recomputation of damages to the land.

MARSH, P. J., MOULE, GOLDMAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts without costs and matter remitted to Court of Claims for further proceedings in accordance with opinion by SIMONS, J.